IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER JAMES WITHROW, DAVID J. WITHROW, and MARILYN N. WITHROW, <br><br> Plaintiffs, <br><br> vs. <br><br> NICHOLAS MIZELLE, DEBORAH MIZELLE, MALLORY MIZELLE, MARCI MIZELLE, REGIONAL WEST MEDICAL CENTER, STATE OF NEBRASKA, STATE BOARD OF HEALTH VITAL RECORDS, SCOTTS BLUFF COUNTY ADULT DETENTION CENTER, and UNITED STATES DEPARTMENT OF JUSTICE MARSHAL SERVICE, <br><br> Defendants. | 8:18CV164 <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on correspondence from Plaintiffs David J. Withrow and Marilyn N. Withrow ("Plaintiffs"), which the court construes as a request for direction from the court. (Filing No. 6.) In their letter, Plaintiffs indicate that they are husband and wife and "the main Plaintiffs in this suit." (*Id*.) Plaintiffs indicate that they are not prisoners, unlike their son and co-Plaintiff Christopher James Withrow who is a prisoner. Plaintiffs ask "[i]f amending our suit to move our son from being Plaintiff #1 to Plaintiff #2 or #3 will allow our suit to proceed without further delay [due to the 28 U.S.C. § 1915A screening requirements]." (*Id*.)

First, to the extent Plaintiffs seek the court's advice on whether they can and/or should amend their suit to avoid the requirements of 28 U.S.C. § 1915A, the

court cannot provide such legal advice nor will the court act as Plaintiff's legal advisor. See *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243 (3d Cir. 2013) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183–84 (1984)) ("[T]here is no case law requiring courts to provide general legal advice to pro se parties. In a long line of cases, the Supreme Court has repeatedly concluded that courts are under no such obligation.").

Second, as the court explained in its May 15, 2018 Memorandum and Order denying Plaintiffs' motion for service of summons, Plaintiffs' Complaint is subject to initial review because 28 U.S.C. § 1915A requires a court to review a civil *complaint* "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "identify cognizable claims or dismiss the complaint." Because Christopher James Withrow is a prisoner and joined in this action as a co-Plaintiff and because several governmental entities are named as Defendants, review is required under section 1915A. The court will conduct this review in its normal course of business. Accordingly,

IT IS ORDERED that Plaintiffs' request for direction from the court is denied in accordance with this Memorandum and Order.

Dated this 20th day of June, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge